# Fishman McIntyre Levine Samansky P.C.

| | | |
|---|---|---|
| STANLEY P. FISHMAN* <br> CHRISTOPHER E. McINTYRE > + <br> MITCHELL B. LEVINE* <br> SCOTT D. SAMANSKY** <br> CASSANDRA A. WILLOCK* <br> PETER J. MURANO, III* <br> KEVIN J. DONNELLY * <br> ANN MARIE F. KANE* <br> MARK N. KEDDIS* <br> CAROLINE PAPADATOS < | NEW YORK OFFICE <br> 521 FIFTH AVENUE, 17th FL. <br> NEW YORK, NY 10175 <br> Tel (212) 461-7190 <br> Fax (973) 560-0060 <br> **(Mail and Overnight Deliveries to New Jersey office)** | 120 EAGLE ROCK AVENUE <br> EAST HANOVER, NJ 07936 <br> Telephone (973) 560-9000 <br> Fax (973) 560-0060 <br> <br> > NJ BAR <br> < NY BAR <br> ⊥ NJ, NY & CT BARS <br> **NJ & DC BARS <br> * NJ & NY BARS <br> <br> + Certified by the Supreme Court of NJ as a Civil Trial Attorney <br> <br> www.fishmanmcintyre.com |

October 23, 2024

<u>Via ECF</u>
Hon. Jennifer L. Rochon, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> Plaintiff is instructed to submit his response to Defendant's request to preclude this exhibit no later than Monday, October 28 at 5:00 p.m.
>
> Date: October 24, 2024
> New York, New York.
>
> **SO ORDERED.**
>
> *Jennifer Rochon*
> **JENNIFER L. ROCHON**
> **United States District Judge**

    Re:   **<u>Kamel v. Best Buy Co., Inc.</u>**
           **Case No.: 1:23-cv-00033 (JLR)**
           **Our File No.: BBY-065**

Dear Judge Rochon:

This office represents the defendant, Best Buy, in the above-referenced matter.

This matter is scheduled to be tried before Your Honor on November 18, 2024.

Please allow this letter serve as a motion to preclude pursuant to Rule 37 (b)(2)(A) from introduction at trial of late disclosed documents served by the plaintiff's attorney.

On October 15, 2024, plaintiff's counsel served the defendants with his list of trial exhibits. Included on this list was Exhibit 7 referred to as "Correspondence dated November 3, 2021". Exhibit 7 consisted of a letter with certified mail receipt that was purportedly served on the defendant at its 60 West 23rd Street, New York, N.Y. location. The letter requested that video surveillance from October 18, 2021, the date of the alleged incident be retained. A copy of the list of trial exhibits is annexed hereto as Exhibit "A". Copies of the letter and certified mail receipt are annexed as Exhibit "B".

This was the first and only time during the course of litigation that this letter and certified mail receipt had been disclosed.

The joint pre-trial order dated August 8, 2024 did not disclose these documents. (Doc No. 29). Any motions *in limine* were to have been filed with the Joint Pre-Trial Order. As the defendant's counsel was unaware of this disclosure it was not afforded an opportunity to file a motion *in limine* to exclude these documents which it would certainly have filed. In addition, as these documents

1

were not listed as documents to be introduced as exhibits at time of trial the defendant was unable to object to the introduction of these exhibits.

The plaintiff did not disclose, identify or produce the letter and/or the certified mail receipt in any of the prior discovery disclosures (Initial Disclosure dated January 16, 2023; Supplemental Initial Disclosure dated May 4, 2023: Supplemental Responses to Interrogatories dated May 11, 2023; and Third Supplemental Initial Disclosure dated May 11, 2023) Please note that these disclosures were not filed on ECF. Copies of the plaintiff's Disclosures are annexed hereto as Exhibit "C". The fact discovery deadline was January 15, 2024.

After the defendant received the plaintiff's list of trial exhibits, an email was sent to plaintiff's counsel requesting that the late disclosed exhibit be withdrawn as it had not previously been disclosed. The plaintiff responded on October 21, 2024 that the documents would not be withdrawn as the defendant's client was aware of the letter. A copy of this email exchange is annexed as Exhibit "D".

The undersigned spoke with plaintiff's counsel, Michael Prisco, on October 21, 2024 again requesting that Exhibit number 7 be withdrawn. From plaintiff's list of trial exhibits. Plaintiff's counsel stated that these documents would not be removed from the trial exhibit list as the defendant was aware of the letter. The defendant, Best Buy, disputes that it was previously served with this letter.

The newly disclosed documents were marked as Exhibit 7 to the plaintiff's list of trial exhibits dated October 15, 2024 and were listed in the middle of the medical exhibits. Exhibit 7 consisted of the certified mail receipt and a letter dated November 3, 2021.The certified mail receipt included a space for the printed name of the individual who signed for the certified mail which was not filled out. There is no indication as to whom signed for this letter.

Federal Rule of Civil Procedure 26(a) requires, *inter alia,* that a party must provide "a copy—or a description by category and location—of all documents ... that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses."  Fed. R. Civ. P. 26 (a)(1) (A)(ii)

Under Rule 37(c)(1), a court may sanction a party that fails to comply with the discovery requirements of Rule 26 (a).Fed. R. Civ. P. 37(c) The courts have precluded a party from introducing documents that as served after the expiration of the discovery deadline. *Icon International, Inc. Inc. v Elevation Health LLC,* 2024 WL 4098890 (S.D.N.Y.). In the instant case, the plaintiff has disclosed documents well after the fact discovery deadline and at the eve of trial.

 Rule 37 (c)(1) is designed to "prevent the practice of sandbagging an opposing party with new evidence." "Exclusion of evidence under Rule 37 (c)(1) does not require a showing of bad faith" *Conklin v U. S. Immigration and Custom Enforcement*, 661 F.Supp.3d 239 (S.D.N.Y.).

"The imposition of sanctions under Rule 37 lies within the broad discretion of the trial court." *Beata Music LLC v Danelli*, 2021 WL 195708 at 4 (S.D.N.Y.) (citing *Minotti v Lensink*, 895 F. 2d 100, 102-03 (2d Cir. 1990). The range of sanctions available to a court pursuant to Rule 37 "includes—but is not limited to—orders deeming certain facts established; permitting an adverse inference instruction; striking pleadings; prohibiting the 'disobedient' party from making specific

claims or introducing certain matters into evidence; dismissing a claim or the entire action or granting default judgment against the disobedient party; or entering an order of contempt. *Doug's World Clocks.com Pty. Ltd. v Princess Int'l Inc.,* 323 F.R.D. 167, 172 (S.D.N.Y. 2017). (internal quotation marks omitted).

While the defendant vehemently disputes that the aforementioned letter was received by Best Buy, the courts have held that a claim that discovery was not disclosed as the opposing party was aware of this discovery is not a justification for failing to timely furnish discovery. The courts have not relieved a party's obligation to disclose documents on that party's claim that the other party was aware of these documents. In *Quiles v City of New York*, 2014 WL 1918635, the court held that even if the plaintiff was aware of the existence of certain records it did not relieve the defendant of its discovery obligation. The purpose of the disclosure is to inform a party's pursuit of discovery. The court granted the plaintiff's motion to preclude the introduction of these records.

In *Downey v Adloox Inc.*, 2018 WL 794592, the plaintiff failed to timely disclose the identity of certain witnesses. The court stated that the plaintiffs were aware of the existence of certain witnesses prior to the filing of the complaint and thus, should have timely disclosed their identity. The court held that the "plaintiffs try to distract *from* their lack of any legitimate explanation for their delay by noting that the witnesses' names were known to defendants in one way or another, but that argument misses the crucial part. (Defendants') knowledge of the existence of a witness does not satisfy the Rule 26(a)(1)(A) disclosure obligation, that obligation is fulfilled only if (Plaintiffs) informed (Defendants) that they might call the witness in support of their claims or defenses". The court held in *Downey* that though "preclusion is admittedly a harsh sanction," the Court finds it presently warranted. In the instant case, the letter that was purportedly sent by plaintiff's counsel to the defendant, Best Buy, was dated prior to the commencement of this lawsuit and has never been previously disclosed to the defendant during the course of this litigation.

For all the foregoing, the defendant respectfully requests that the plaintiff be precluded from introducing documents on the eve of trial which were not previously disclosed to the defendant or received by the defendant. The defendant would be severely prejudiced if these documents were allowed to be introduced at trial as they dispute that the letter was served upon Best Buy. In addition, this case is scheduled to be tried next month. The plaintiff should not be rewarded for failing to abide by the discovery mandates of this court.

Finally, it should be noted that the plaintiff demanded a certain sum to resolve this case. The defendant has offered this sum which has not been accepted by plaintiff.

We thank Your Honor for your courtesies and consideration in this regard.

                                      Respectfully submitted,

                                      */s/Mitchell B. Levine*
                                      Mitchell B. Levine
                                      mitch@fishmanmcintyre.com

cc:     Michael James Prisco, Esq. (*Via ECF*)

3