# Fishman McIntyre Levine Samansky P.C.

STANLEY P. FISHMAN*
CHRISTOPHER E. McINTYRE > +
MITCHELL B. LEVINE*
SCOTT D. SAMANSKY**
CASSANDRA A. WILLOCK*
SCOTT A. GROSSMAN <
PETER J. MURANO, III*
KEVIN J. DONNELLY *
ANN MARIE F. KANE*
MARK N. KEDDIS*
CAROLINE PAPADATOS <

NEW YORK OFFICE
521 FIFTH AVENUE, 17th FL.
NEW YORK, NY 10175
Tel (212) 461-7190
Fax (973) 560-0060
*(Mail and Overnight Deliveries to New Jersey office)*

120 EAGLE ROCK AVENUE
EAST HANOVER, NJ 07936
Telephone (973) 560-9000
Fax (973) 560-0060

> NJ BAR
< NY BAR
⸱ NJ, NY & CT BARS
**NJ & DC BARS
*  NJ & NY BARS

+ Certified by the Supreme Court
   of NJ as a Civil Trial Attorney

www.fishmanmcintyre.com

December 16, 2024

**<u>Via ECF</u>**
Hon. Jennifer L. Rochon, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    **<u>Kamel v. Best Buy Co., Inc.</u>**
              **Case No.: 1:23-cv-00033 (JLR)**
              **Our File No.: BBY-065**

Dear Judge Rochon:

      This office represents the defendant, Best Buy Co. Inc., in the above-referenced matter.

      A trial was held in this matter culminating in a verdict for the plaintiff, Walid Kamel, on November 19, 2024. The plaintiff was awarded $250,000. pursuant to an agreement entered into by the parties prior to the commencement of the trial.

      During the trial, the plaintiff discharged his attorney, Michael Prisco, and proceeded pro se. In a letter dated December 4, 2024, Mr. Prisco has now asserted a lien against the proceeds of the verdict. A copy of the letter is annexed hereto as Exhibit "A".

      Please allow this letter to serve as defendant's motion pursuant to Fed. R. Civ. P. 67 for leave to deposit funds with the Court. The defendant is requesting leave to deposit the $250,000 proceeds with the Court while the plaintiff and his former attorney endeavor to resolve their dispute regarding Mr. Prisco 's asserted lien.

      Federal Rule of Civil Procedure 67 permits the deposit of funds in dispute with the Clerk of the Court, and provides as follows:

      Depositing Property. If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party on notice to every other party and by

---

> Plaintiff is directed to file any response to this motion at the same time as his response to Mr. Prisco's motion for attorneys' fees, Dkt. 54, due **December 26, 2024.** The Clerk of Court is directed to mail this order to the address Plaintiff provided in his pro se submission, Dkt. 53, 1966 1st Ave., NY, NY 10029.
>
> **SO ORDERED.**
>
> Date:  December 16, 2024
>           New York, New York
>
> *Jennifer Rochon*
> **JENNIFER L. ROCHON**
> **United States District Judge**

leave of the court may deposit with the court all or part of the money or thing, whether or not that party claims any of it. The depositing party must deliver a copy of the order permitting deposit. Fed. R. Civ. P. 67(a).

The purpose of Rule 67 is to "provide a place for safekeeping for disputed funds pending resolution". *Ray Legal Consulting Group v DiJoseph,* 37 F. Supp. 3d 704, 739 (S.D.N.Y. 2014) quoting *Prudential Ins. Co. of Am. v BMC Indus., Inc.,* 630 F. Supp.1298, 1300 (S.D.N.Y. 1986). Courts have discretion to permit deposits. *NY Life Ins. Co. v Alexandre,* 13 Civ. 2384, 2014 WL 30508 at *4 (S.D.N.Y. Jan. 2, 2014).

In *Slifer v CG Technology, L.P.* ,2017 WL 10221318 (S.D.N.Y. 2017), the plaintiff won a jury verdict against the defendant and the defendant sought to deposit the full amount of the judgment. In *Slifler*, the court permitted the defendant to deposit the full amount of the judgment with the court.

"Rule 67 provides that funds may be placed on deposit with the court until it determines how the funds should be divided among the parties to a suit. The rule may be invoked only where there is a dispute concerning the funds.". *Multi-State Partnership for Prevention, LLC v Kennedy,* Slip Copy, 2024 WL 4424233 (E.D.N.Y. Oct 4, 2024) quoting *United States v New York State Supreme Ct., Erie Cnty.*, CV-27S,2008 WL 305011 at *3 (W.D.N.Y. Feb. 1, 2008).

"Courts have recognized that the core purpose of Rule 67 is to relieve a party who holds a contested fund from responsibility for disbursement of that fund among those claiming entitlement thereto". *Multi-State Partnership for Prevention, LLC v Kennedy,* Slip Copy, 2024 WL 4424233 (E.D.N.Y. Oct 4, 2024) quoting *Lennon v Allegiance Acct. Servs., LLC,* No. 19-CV-1541-LJV-LGF, 2023 WL 8291718 at *3 (W.D.N.Y. Dec. 1, 2023).

In the instant case, the defendant is seeking permission to deposit the proceeds of the award in court while the plaintiff and his former attorney attempt to resolve their dispute regarding attorney fees and liens. The defendant, Best Buy, does not take any position as to the outcome of this dispute.

We thank Your Honor for your courtesies and consideration on this regard.

                Respectfully submitted,

                */s/Mitchell B. Levine*
                Mitchell B. Levine

cc:  Walid Kamel, Plaintiff *pro se*, 1966 First Avenue, Apt. 11D, New York, N.Y. 10029
     Michael James Prisco, Esq., Former Attorney for Plaintiff (*Via ECF*)

# EXHIBIT "A"

Case 1:23-cv-00033-JLR    Document 55-1    Filed 12/16/24    Page 3 of 42

# The Law Office of
# Michael James Prisco PLLC

**Michael Prisco, Esq.**
**Tel: (718) 550-7019**
**Fax: 1 (718) 744-2033**
michaelprisco@mjpesq.com

**Mailing Address: 187 Veterans Blvd**
**Suite 4, Massapequa NY 11758**

Dec 4, 2024

*Via Email: mitch@fishmanmcintyre.com*
Attention: Mitchell B. Levine, Esq.
FISHMAN McINTYRE LEVINE SAMANSKY P.C.

Re:   Walid Kamel v. Best Buy Co. Inc.
      Case No: 1:23-cv-00033 (JLR)

Counselor:

    I am writing to formally advise you that my office is asserting and has a lien under section 475 of the New York Judiciary Law against the $250,000.00 judgment against Best Buy Co. Inc. entered in the referenced matter. As you recall, the Plaintiff, Walid Kamel, discharged me as his attorney during jury deliberation. Since the jury's verdict, I have been in contact with Mr. Kamel. However, he has refused to formally rehire my firm so that I may collect the judgment and disperse funds to satisfy my lien as well as the number of other liens that have been asserted against the proceeds.

    I intend on filing a motion before Judge Rochon to fix my lien for fees earned and disbursements. I intend to request disbursements of $3,488.48 and a legal fee of $52,370.80 (A reduced percentage of the 33 ⅓ percent per my retainer).

    I have contacted the other liens holders and they have agreed to reduce their liens accordingly so that after their liens are satisfied and my fee and disbursements are paid, there will be a net recovery to Plaintiff of $150,000.00.

    I do believe it would be improper to release the full judgement to Plaintiff given notice of the liens being asserted against said proceeds. I believe the proper remedy in this situation is for your office to file a motion, pursuant to FRCP 67, seeking leave of Court to deposit the money judgment with the Clerk of the Court.

    Please guide yourself accordingly.

Very truly yours,

/s/ Michael J. Prisco