UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WALID KAMEL,

                Plaintiff,

-against-

BEST BUY CO, INC.,

                Defendant.

Case No. 1:23-cv-00033 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

    Plaintiff Walid Kamel ("Plaintiff"), *pro se*, moves for leave to appeal *in forma pauperis* from a judgment in his favor following a jury trial, which awarded him $250,000. Dkts. 58, 59; *see also* Dkt. 51 ("Judgment"). For the following reasons, the application is denied.

### PRIOR PROCEEDINGS

    On April 13, 2022, Plaintiff commenced this action against Defendant Best Buy Co., Inc. ("Best Buy") to recover monetary damages relating to personal injuries resulting from a fall. *See* Dkt. 1 ¶¶ 1, 4, 6. Following a jury trial that took place between November 18 to November 20, 2024, judgment was entered in favor of Plaintiff in the amount of $250,000 pursuant to the jury's verdict in favor of Plaintiff as to liability and the parties' stipulation as to damages. *See* Judgment. After the case was submitted to the jury, Plaintiff requested to relieve his counsel, Michael Prisco, which request the Court granted. Dkt. 50.

    On December 17, 2024, Plaintiff filed the instant application for leave to appeal *in forma pauperis*. Dkt. 59.

### DISCUSSION

    "The decision of whether to grant a request to proceed *in forma pauperis* is left to the District Court's discretion under 28 U.S.C. § 1915. The Court's discretion is limited in that:

1

'An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.'" *Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 (S.D.N.Y. 2002) (quoting 28 U.S.C. § 1915(a)(3)); *see also* Fed. R. App. P. 24(a)(3)(A) ("A party . . . may proceed on appeal *in forma pauperis* . . . unless the district court . . . certifies that the appeal is not taken in good faith . . . ."). The standard for "good faith" in pursuing appeals is an objective one. *See Burda Media Inc. v. Blumenberg*, 731 F. Supp. 2d 321, 323 (S.D.N.Y. 2010). "[G]ood faith is judged by an objective standard, and if an appeal is frivolous it is not taken in good faith." *Brown v. James*, No. 20-cv-10491 (VSB), 2024 WL 2112434, at *1 (S.D.N.Y. Apr. 5, 2024) (alteration in original) (citation omitted).

Plaintiff states in his application that his issues on appeal are that "[t]he stipulation made by my ex attorney, coordinated with opposition attorney without my consent and no explanation & I have several operations that I must undergo & I was not ready for trial." Dkt. 59 at 1. However, at trial the Court carefully considered Plaintiff's repeated requests to delay trial and vacate the stipulation entered into by the parties and found that they lacked merit. In his motion, Plaintiff fails to identify any relevant facts that would counter these previous determinations. *See Burgess v. Costco Wholesale Corp.*, No. 21-cv-05178 (VR), 2024 WL 4756349, at *2 (S.D.N.Y. Oct. 29, 2024) (denying application to appeal *in forma pauperis* where plaintiff did not "identify any relevant facts or entitlement to redress" that would counter the court's previous finding). Therefore, pursuant to 28 U.S.C. § 1915(a)(3), Plaintiff's appeal is not taken in good faith and his application to appeal a jury verdict in his

favor *in forma pauperis* is denied. The Clerk of Court is directed to mail this order to the address Plaintiff provided in his *pro se* submission, Dkt. 53, 1966 1st Ave., NY, NY, 10029.

Dated: December 23, 2024
      New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge