UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WALID KAMEL,<br><br>                              Plaintiff,<br><br>           -against-<br><br>BEST BUY CO., INC.,<br><br>                              Defendant. | Case No. 23-cv-00033 (JLR)<br><br>**ORDER DENYING REQUEST<br>FOR PRO BONO COUNSEL** |

JENNIFER L. ROCHON, United States District Judge:

Plaintiff Walid Kamel ("Plaintiff") has filed an Application for the Court to Request Pro Bono Counsel. Dkt. 60. For the following reasons, Plaintiff's application is denied

## LEGAL STANDARD

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to grant an indigent litigant's request for *pro bono* representation. *Id.* Even if a court does believe that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore grant applications for *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant an indigent litigant's request for *pro bono* counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously." *Id.* at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## DISCUSSION

The Court first considers the two threshold considerations — indigence and whether Plaintiff's claim "seems likely to be of substance" — before considering the *Hodge* factors.

Plaintiff filed his request for the Court to request pro bono counsel on December 17, 2024. Dkt. 60. The same day, Plaintiff filed an application to appeal *in forma pauperis*, Dkt. 59, which the Court denied because it found that the appeal was not taken in good faith, Dkt. 61. However, the Court finds that Plaintiff's submissions in connection with his application to appeal *in forma pauperis* demonstrate his indigence.

The Court does not find that Plaintiff's claim is "likely to be of substance." *Hodge*, 802 F.2d at 61-62.  This case is in an unusual procedural posture for a request for the appointment of pro bono counsel.  This case has already been tried to a jury, which returned a verdict on liability in favor of Plaintiff and the Court entered judgment in Plaintiff's favor for $250,000 pursuant to a stipulation on damages.  Dkt. 51.  Prior to trial and during the presentation of evidence and submission of the case to the jury, Plaintiff was ably represented by counsel.  While the jury was deliberating, and just before they returned with a verdict in his favor, Plaintiff sought to relieve his counsel, and the Court granted that motion.  *See* Dkt. 50.  Plaintiff now requests pro bono counsel because he is "deeply dissatisfied" with trial counsel's actions during trial and wishes to "reopen [his case]" and/or "file motions and appeal" or a "re[que]st for reconsideration."  Dkt. 60 at 1.  Insofar as Plaintiff intends to move to vacate the judgment with the assistance of pro bono counsel, the Court finds that the issues Plaintiff seeks to raise related to his dissatisfaction with trial counsel are attempts to "relitigate all issues presented in an action or argue that the district court's decisions were wrong" and would not be "sufficiently 'extraordinary' to warrant relief," *Lopez v. City of New York*, No. 05-cv-03624 (RML), 2023 WL 3570652, at *3 (E.D.N.Y. May 18, 2023) (citation omitted).

Even if Plaintiff's claim was "likely to be of substance," which the Court has held it is not, Plaintiff has not demonstrated that he cannot find counsel on his own.  Plaintiff's application lists four specific firms, states that he contacted "many more firms" but many did not "do appeals," and notes that he "cannot afford their fees."  Dkt. 60 at 2.  But the Court finds that Plaintiff's search was "not exhaustive," particularly because "Plaintiff does not appear to have contacted legal services clinics or non-profit organizations."  *Noe v. Ray Realty*, No. 19-cv-01455 (JHR) (RFT), 2024 WL 641252, at *2 (S.D.N.Y. Feb. 15, 2024) (citation omitted); *see also Moritz v. Town of Goshen*, No. 15-cv-05424 (NSR) (LMS), 2015 WL 13877589, at *1

(S.D.N.Y. Dec. 22, 2015) (denying application for court to appoint pro bono counsel where it was "unclear how many lawyers [plaintiff] ha[d] contacted").

The Court similarly finds that the other *Hodge* factors weigh against granting Plaintiff's application. Plaintiff has not shown (1) that he is unable to investigate the crucial facts or present his case, (2) that cross-examination "will be the major proof presented to the fact finder" — and indeed, the jury trial in this case has concluded — (3) that this matter will involve complex legal issues, or (4) why appointment of counsel would be more likely to lead to a just determination herein. *See Hodge*, 802 F.2d at 61-62; *see also Darley v. United States*, No. 22-cv-00714 (PMH), 2023 WL 7004240, at *1 (S.D.N.Y. Oct. 24, 2023) (similar). In this case, representation would not "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61.

## CONCLUSION

For the foregoing reasons, Plaintiff's Application for the Court to Request Counsel is denied. The Clerk of Court is directed to mail this order to the address Plaintiff provided in his *pro se* submission, Dkt. 53, 1966 1st Ave., NY, NY, 10029.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Dated: December 23, 2024
       New York, New York

SO ORDERED

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge