UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WALID KAMEL,

        Plaintiff,

-against-

MICHAEL PRISCO,

        Movant,

BEST BUY CO., INC.,

        Defendant.

Case No. 23-cv-00033 (JLR)

**ORDER DENYING REQUEST FOR EXTENSION**

JENNIFER L. ROCHON, United States District Judge:

Plaintiff Walid Kamel ("Plaintiff"), *pro se*, has moved the Court to extend his time to respond to a motion for fees filed by his former counsel, Michael J. Prisco ("Prisco"), *see* Dkt. 54, beginning 45 days after he receives hard copies of case documents from Mr. Prisco. Dkt. 72 ("Mot."). Mr. Prisco opposes the request. Dkt. 73 ("Opp").

**PRIOR PROCEEDINGS**

On April 13, 2022, Plaintiff, represented by Mr. Prisco, commenced this action against Defendant Best Buy Co., Inc. ("Best Buy") to recover monetary damages relating to personal injuries resulting from a fall. *See* Dkt. 1 ¶¶ 1, 4, 6. Following a jury trial that took place between November 18 to November 20, 2024, judgment was entered in favor of Plaintiff in the amount of $250,000 pursuant to the jury's verdict in favor of Plaintiff as to liability and the parties' stipulation as to damages. *See* Dkt. 51. After the case was submitted to the jury, Plaintiff requested to relieve Mr. Prisco as counsel, which request the Court granted. Dkt. 50.

On December 11, 2024, Mr. Prisco moved this Court for an order, among other things, setting a charging lien in favor of the Law Office of Michael James Prisco PLLC for its

1

attorney's fee in the amount of $48,534.26 and disbursements in the amount of $3,488.48 for legal work performed on behalf of Plaintiff.  Dkt. 54 at 1.  The Court directed Plaintiff and Best Buy to file any responses to the motion by December 26, 2024.  Dkt. 55.  On December 16, 2024, Best Buy moved for leave to deposit funds with the Court.  Dkt. 56.  The Court directed Plaintiff to file any response to either Prisco's or Best Buy's motions by December 26, 2024.  Dkt. 57.  On December 23, 2024, Plaintiff requested an extension of time to respond to the motions until after his appeal was resolved.  Dkt. 63.  The Court denied the request to extend the time to respond indefinitely, but granted an extension of time to January 17, 2025.  Dkt. 65.  Now, two days before his response is due, Plaintiff again requests an extension of time to respond to the motions.  *See* Mot.

## DISCUSSION

The Court is obliged to construe *pro se* submissions liberally, interpreting them to raise the "strongest [claims] that they *suggest*."  *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citation omitted).  Under Federal Rule of Civil Procedure ("Rule") 6(b), the Court may extend the time for motion papers for good cause "if a request is made[] before the original time or its extension expires."  Fed. R. Civ. P. 6(b)(1)(A).  "[A]n application for extension of time under Rule 6(b)(1)(A) normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party."  *Alexander v. Saul*, 5 F.4th 129, 154 (2d Cir. 2021) (quoting 4B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1165 (4th ed. 2021 update)).

Plaintiff again requests an extension of time to respond to the motions, this time on the grounds that the case documents that Mr. Prisco provided him electronically were "inaccessible," and requesting hard copies.  Mot.  Plaintiff requests that he receive an extension of time beginning 45 days after he receives hard copies of the case documents.  *Id.*  Mr. Prisco opposes

2

the request for an adjournment, and states that, while he has no obligation to provide such files given Plaintiff's legal fee arrears, he has provided Plaintiff with the case documents through (1) a Google drive link, (2) a Zip folder, and (3) a Dropbox link; and that he tested the link and zip folder and confirmed that they were functional. Opp. at 1. Mr. Prisco has also offered to send Plaintiff a flash drive and has explained to Plaintiff how to open the zip file. *Id.* Mr. Prisco also notes that Plaintiff informed him that he is now receiving assistance from a legal services organization. *Id.*

The Court will not grant Plaintiff's request to extend his time to respond until 45 days after he receives paper copies of the files. Plaintiff has not explained why the files are inaccessible, nor why he needs access to the case files to respond to the motions, particularly since Mr. Prisco's fees motion enclosed numerous hard-copy documents related to his representation of Plaintiff that Mr. Prisco has served on Plaintiff. *See* Dkts. 54-1 to 54-11. While "'good cause' in the context of Rule 6(b)(1) [is] a 'non-rigorous standard,'" *Alexander*, 5 F.4th at 154 (quoting *Manigault v. ABC Inc.*, 796 F. App'x 13, 15 (2d Cir. 2019), the Court is becoming concerned that Plaintiff's motions for extensions are being made to engender delay. The Court is also concerned about prejudice to both Best Buy and Mr. Prisco, who seek efficient adjudication of the present issue. In addition, if Plaintiff would like hard copies of the documents, he must pay Mr. Prisco *in advance* for all costs of producing and delivering the files. *Sage Realty Corp. v. Proskauer Rose Goetz & Mendelsohn*, 689 N.E.2d 879, 883 (N.Y. 1997).

The Court will grant Plaintiff a final extension of time to respond to the motions. Plaintiff shall respond to the motions by January 24, 2025. If Plaintiff fails to respond to the motions by that date, the Court will treat the motions as unopposed by Plaintiff.

## CONCLUSION

For the foregoing reasons, Plaintiff's request to extend his time to respond to Best Buy and Mr. Prisco's motions until 45 days after he receives hard copies of case documents from Mr. Prisco is DENIED.  The Court will grant an extension of time to **January 24, 2025** for Plaintiff to respond to the motions.  The Clerk of Court is respectfully directed to mail this order to the address Plaintiff provided in his *pro se* submission, Dkt. 53, 1966 1st Ave., Apt. 11D, NY, NY, 10029, and to update the docket with his address.

Dated: January 17, 2025
       New York, New York

                                        SO ORDERED

                                        *Jennifer Rochon*
                                        JENNIFER L. ROCHON
                                        United States District Judge