UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WALID KAMEL,<br><br>      Plaintiff,<br><br>  -against-<br><br>MICHAEL PRISCO,<br><br>      Movant,<br><br>BEST BUY CO., INC.,<br><br>      Defendant. | Case No. 23-cv-00033 (JLR)<br><br>**ORDER** |

JENNIFER L. ROCHON, United States District Judge:

  Defendant Best Buy Co., Inc. ("Defendant") has moved this Court pursuant to Federal Rule of Civil Procedure ("Rule") 67 for leave to deposit $250,000 with the Court in satisfaction of the judgment entered in favor of now-*pro se* Plaintiff Walid Kamel ("Plaintiff"), in light of a dispute as to attorneys' fees between Plaintiff and his former counsel, Michael Prisco, who has moved this Court to set a charging lien for attorneys' fees. Dkt. 56; *see* Dkt. 54 (Prisco motion). Mr. Prisco requests an order setting a charging lien in the amount of $48,534.26 and disbursements in the amount of $3,488.48, and directing Defendant to issue a check in the amount of $52,022.74 to the Law Office of Michael James Prisco PLLC as partial satisfaction of the judgment. Dkt 54-1 at 7. The Court directed Plaintiff to file any response to these motions by December 26, 2024. Dkt. 57. The Court subsequently extended the time for Plaintiff to respond to the motions, *see* Dkts. 65, 74; and warned Plaintiff that if he failed to respond to the motions by January 24, 2025, the Court would treat the motions as unopposed, Dkt. 74. On January 24, 2025, Plaintiff filed an affirmation "in opposition to [the] motion [for] legal fees and ask[ed] the Court to deny Mr. Prisco's fee request in total," Dkt. 75 ¶ 1, but did not oppose Best

Buy's Rule 67 motion, *see generally* Dkt. 75. As a consequence, the Court will treat Best Buy's motion as unopposed.

Where "any part of the relief sought is a money judgment," Rule 67 permits a party, "on notice to every other party and by leave of the court," to "deposit with the court all or part of the money or thing." Fed. R. Civ. P. 67(a). This procedure "provides a place of safekeeping for disputed funds pending the resolution of a legal dispute." *Radha Geismann, M.D., P.C. v. ZocDoc, Inc.*, 909 F.3d 534, 541 (2d Cir. 2018) (quoting *LTV Corp. v. Gulf States Steel, Inc. of Ala.*, 969 F.2d 1050, 1063 (D.C. Cir. 1992)). In light of the dispute between Plaintiff and Mr. Prisco, the Court will exercise its discretion under Rule 67 to permit Defendant to deposit the only the disputed amount of the judgment — the $52,022.74 that Mr. Prisco seeks — with the Court while the dispute between Plaintiff and Mr. Prisco as to the charging lien is resolved. *See True the Vote, Inc. v. IRS*, No. 13-cv-00734, 2023 WL 6164045, at *1-2 (D.D.C. Aug. 15, 2023) (permitting deposit of attorneys' fees pursuant to Rule 67 pending the court's resolution of charging lien disputes); *Schreiber v. Friedman*, No. 15-cv-06861 (CBA) (JO), 2020 WL 5549082, at *6 n.11 (E.D.N.Y. Sept. 16, 2020) (referencing similar order), *report and recommendation adopted in part and rejected in part on other grounds*, 2022 WL 669461, at *8 (E.D.N.Y. Mar. 7, 2022). The attorneys' fee dispute is the only dispute pending before this Court and therefore the Court will not accept deposit of the remainder of the $250,000 that Defendant seeks to deposit with the Court.

Defendant's Rule 67 motion is GRANTED in part. Defendant may deposit, pursuant to any instructions by the Clerk of Court, into its registry the amount of fifty-two thousand, twenty-two dollars and seventy-four cents ($52,022.74 USD), to be held pending the resolution of Mr. Prisco's fees motion and distribution by further order of this Court. The Clerk of Court is

respectfully directed to terminate the motion at Dkt. 56 and to mail this order to Plaintiff at the address listed on the docket.

Dated: January 28, 2025
       New York, New York

SO ORDERED

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge
