UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WALID KAMEL,<br><br>        Plaintiff,<br><br>  -against-<br><br>MICHAEL PRISCO,<br><br>        Movant,<br><br>BEST BUY CO., INC.,<br><br>        Defendant. | Case No. 1:23-cv-00033 (JLR)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

Before the Court is a motion by Plaintiff's former counsel, Michael J. Prisco ("Prisco"), to set a charging lien in the amount of $52,022.74. Dkt. 54. Proceeding *pro se*, Plaintiff Walid Kamel ("Plaintiff" or "Kamel") opposes the motion. Dkt. 75. For the following reasons, the motion is GRANTED.

## BACKGROUND

### I. Factual History

On April 13, 2022, Plaintiff, represented by Prisco, commenced this action against Defendant Best Buy Co., Inc. ("Best Buy") to recover monetary damages relating to personal injuries resulting from a slip and fall in a Best Buy store. *See* Dkt. 1 ¶¶ 1, 4, 5, 6; Dkt. 1-1 ¶ 21. At the final pretrial conference on November 8, 2024, the parties informed the Court that they had entered into a stipulation in which they agreed to try only the issue of liability and that if Best Buy was found liable, it would pay $250,000. The stipulation was thereafter filed with the Court. Dkts. 41, 48.

A jury trial was held from November 18 to November 20, 2024. Dkts. 66, 68, 70 ("Tr."). During the trial, Plaintiff requested that Prisco make a motion to adjourn the trial for over a year so that he could obtain unspecified, unscheduled medical procedures. Tr. 34:7-11. The Court denied the motion because the trial date had been set since August 2024, Plaintiff had earlier opposed Best Buy's request for an adjournment, and a mid-trial adjournment would be prejudicial to Best Buy and disruptive to the Court and the jurors. Tr. 35:1-9; *see also* Tr. 158:17-159:20. Plaintiff also requested that Prisco ask the Court to vacate the damages stipulation, which the Court also denied given that no valid basis was presented to vacate a duly executed stipulation and that doing so mid-trial would severely prejudice Best Buy. Tr. 35:21-37:23.

On November 20, 2024, after the jury had been charged and while it was deliberating, Prisco informed the Court that Plaintiff wished to relieve Prisco as counsel. Tr. 256:1-10. When the Court asked Plaintiff whether he wanted to fire his counsel, Plaintiff answered "[n]ot precisely," and relayed that he wanted to speak to the Court directly and "if that's the only way [he would] be heard on [his] own trial, [he was] going to do that, yes." Tr. 256:6-10. The Court explained to the Plaintiff that he had been "heard" at his trial when he testified at length on the stand and through his lawyer, because when a client is represented by a lawyer, the lawyer speaks on behalf of the client. Tr. 256:11-20. The Court advised that if Plaintiff fired his lawyer, he would then be representing himself *pro se*, so he should think carefully about how he wished to proceed. Tr. 256:11-20. Plaintiff continued to equivocate about whether he wished to fire Prisco, stating that he wanted an adjournment "to get a lawyer to replace [Prisco] or help him" but still wanted to ask Prisco questions. Tr. 256:22-257:15. He confirmed that he still wanted to "take [Prisco's] advice" because "[h]e's a good friend of mine." Tr. 257:21-23. The Court suggested that Plaintiff speak further with Prisco and denied the request to adjourn the

2

trial. Tr. 257:16-258:23; *see also* Tr. 260:25-262:22. Plaintiff again expressed that he wanted to discharge Prisco because he believed that was the "only way" he could directly speak to the Court, rather than through counsel as a represented party. Tr. 261:7-13. Prisco asked to speak with Plaintiff, and Court adjourned briefly to permit the discussion. Tr. 261:17-262:24.

When court resumed, Prisco informed the Court that Plaintiff had asked him to make another application to vacate the stipulation. Tr. 266:1-268:7. The Court again denied the application. Tr. 269:21-270:16. Later that day, Prisco informed the Court that Plaintiff wished to relieve him as counsel and the Court granted the motion. Tr. 273:17-20, 274:3-12. Plaintiff expressed that he "had to fire [his] attorney so I can speak to [the Court]" and that this desire was "the only reason, only main reason" he did so. Tr. 279:7-11. He then personally made the same application to the Court to vacate the stipulation and adjourn the trial for a year and a half that had been made by his counsel. Tr. 279:13-280:16. The Court again denied the requests. Tr. 280:11-19, 281:2-9.

The jury returned a verdict for Plaintiff. Tr. 281:23-283:16. The Court directed that judgment be entered in favor of Plaintiff in the amount of $250,000 pursuant to the jury verdict and stipulation as to damages. Dkt. 51.

## II. Procedural History

On December 11, 2024, Prisco moved this Court for an order setting a charging lien in favor of the Law Office of Michael James Prisco PLLC for $48,534.26 in attorney's fees and $3,488.48 for disbursements, totaling $52,022.74. Dkt. 54 at 1; *see* Dkt. 54-10 ("Br."). After several extensions, *see* Dkts. 63, 65, 72, 74, Plaintiff submitted an affidavit in opposition to Prisco's motion on January 24, 2025. Dkt. 75 ("Opp."). Prisco submitted his reply on January 27, 2025, Dkt. 76 ("Reply"), and the motion is thus fully briefed.

On December 16, 2024, Best Buy moved to deposit the $250,000 judgment with the Court while Plaintiff and Prisco resolved their charging-lien dispute. Dkt. 56 at 1. On January 28, 2025, the Court granted Best Buy's motion in part and directed Best Buy to deposit $52,022.74 — the portion in dispute — with the Court, to be held pending the resolution of Prisco's motion. Dkt. 77.

## LEGAL STANDARD

The New York Judiciary Law provides that:

> From the commencement of an action, special or other proceeding in any court . . . , the attorney who appears for a party has a lien upon his or her client's cause of action, claim or counterclaim, which attaches to a verdict, report, determination, decision, award, settlement, judgment or final order in his or her client's favor, and the proceeds thereof in whatever hands they may come; and the lien cannot be affected by any settlement between the parties before or after judgment, final order or determination. The court upon the petition of the client or attorney may determine and enforce the lien.

N.Y. Judiciary Law § 475; *accord Joffe v. King & Spalding LLP*, 337 F. Supp. 3d 366, 368 (S.D.N.Y. 2018), *aff'd sub nom. Joffe v. Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins, P.C.*, 827 F. App'x 35 (2d Cir. 2020) (summary order). "[A]n attorney need not be counsel of record at the time a plaintiff receives judgment or settlement proceeds in order to have a lien on those proceeds, so long as the attorney was counsel of record at one point in the proceedings." *Antonmarchi v. Consol. Edison Co. of N.Y.*, 678 F. Supp. 2d 235, 241 (S.D.N.Y. 2010). However, an attorney who was discharged for cause loses his right to enforce a charging lien. *See id.*; *Joffe*, 337 F. Supp. 3d at 369.

## DISCUSSION

The Court is obliged to construe *pro se* submissions liberally, interpreting them to raise the "strongest [claims] that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citation omitted). Plaintiff's opposition can be read to argue that the Court

4

should not set a charging lien because Plaintiff discharged Prisco for cause. *See* Opp. ¶¶ 2-3. Therefore, the Court will consider whether Prisco is entitled to a charging lien before considering the proper amount of any such lien.

I. **Entitlement to a Charging Lien**

Plaintiff argues that Prisco was discharged for cause because of misconduct, including that Prisco made decisions unilaterally, excluded Plaintiff from settlement negotiations, did not keep Plaintiff updated on developments in the case, did not seek to postpone the trial when Plaintiff asked him to do so, and agreed to a damages stipulation that was less than Plaintiff wanted. *See* Opp. ¶¶ 11-15. Prisco disputes that he was discharged for cause, noting that these claims are inconsistent with the basis that Plaintiff previously provided to the Court when he discharged Prisco during trial. *See* Reply ¶ 1.

"Courts typically find a discharge 'for cause' where there has been a significant breach of legal duty." *Allstate Ins. Co. v. Nandi*, 258 F. Supp. 2d 309, 312 (S.D.N.Y. 2003); *see also Filler v. Motta*, 994 N.Y.S.2d 759, 763 (App. Div. 2014) (same). "A client must show that his former attorney's conduct 'constituted a failure to properly represent his interests.'" *Antonmarchi*, 678 F. Supp. 2d at 241 (quoting *Costello v. Kiaer*, 717 N.Y.S.2d 560, 561 (App. Div. 2000)); *see also Furk v. Orange-Ulster BOCES*, No. 15-cv-06594 (NSR), 2023 WL 3597619, at *4 (S.D.N.Y. May 22, 2023) ("It is Plaintiff's burden to show that she discharged [her attorney] for cause."). New York courts are generally consistent in finding that an attorney has been dismissed "for cause" when one or more of the following are present:

> (1) the attorney's failure to perform under the employment contract; (2) his lack of diligence in so performing; (3) his lack of ordinary skill or care in so performing; (4) his making of demands on the client which violate the terms or exceed the scope of the contract; (5) his taking of actions contrary to the client's interests or objectives; (6) his indulging in some sort of unprofessional conduct while handling the client's affairs; (7) his venting of personal or economic hostility toward the client; and (8) his loss of the client's trust and confidence.

5

*Love & Madness, Inc. v. Claire's Holdings, LLC*, No. 21-cv-01913 (SLC), 2022 WL 5138806, at *4 (S.D.N.Y. Oct. 5, 2022) (citation omitted).  Cases where courts have found counsel to be discharged for cause include, among other things, "situations where counsel concealed information from their clients, utilized abusive language, interfered with their clients' rights to settle, and threatened to improperly withdraw from the case."  *Chen v. LJC Trading N.Y., Inc.*, No. 19-cv-03276 (SJF) (AKT), 2020 WL 10574176, at *7 (E.D.N.Y. Nov. 20, 2020).

       The Court finds that Prisco was not discharged for cause.  The Court may resolve the present motion without a hearing because it was present for and observed the reasons given by the Plaintiff when he sought to discharge Prisco as his counsel.  The Court has also received affidavits from the parties, which included documentary evidence of the retainer agreement and receipts for disbursements.  During trial, the consistent and "only reason" Plaintiff provided for discharging Prisco while the jury was deliberating was his desire to address the Court himself, rather than through his counsel, about vacating the stipulation and adjourning the trial.  Tr. 279:7-11; *see also* Tr. 256:6-10.  Plaintiff did not claim that he sought to fire Prisco for the reasons he now raises in opposition to the lien, and indeed, Prisco made all of the applications requested by Plaintiff during the trial.  Instead, Plaintiff described Prisco as a "good friend" and asked if he would still be able to "take his advice" if he fired him as counsel during the trial.  Tr. 257:21-23.  The affidavits submitted here, coupled with the information presented at trial, including inconsistent representations by Plaintiff, also demonstrate that Prisco was not discharged for cause.  Plaintiff's revisionist contentions that he fired Prisco for cause, rather than because he wanted to personally address the Court, as he expressly told the Court at trial, are therefore rejected.

*Chadbourne & Parke, LLP v. AB Recur Finans* is instructive. *See generally* 794 N.Y.S.2d 349 (App. Div. 2005). In that case, the court rejected the argument that counsel had been terminated for cause, since the client had not expressed dissatisfaction with counsel's services prior to discharge, the letter terminating counsel's representation was not indicative of a termination for cause, and the client did not raise misconduct until counsel asserted a charging lien. *See id.* at 350. Here too, Plaintiff did not raise any allegations of misconduct until he submitted his affidavit opposing Prisco's motion for a charging lien. In addition, he represented to the Court that he wanted to continue to seek Prisco's advice even if he opted to proceed *pro se*. Thus, there is no basis for finding that Prisco was discharged for cause. *See also Maher v. Quality Bus Serv., LLC*, 42 N.Y.S.3d 43, 46 (App. Div. 2016) (finding that counsel was not discharged for cause when the letter discharging counsel did not indicate that the discharge was for cause); *Greenberg v. Cross Island Indus., Inc.*, 522 F. Supp. 2d 463, 468 (E.D.N.Y. 2007) (counsel was not discharged for cause where letter made no reference to cause or allegations of misconduct that were only later made during the litigation of the lien motion); *Vallejo v. Builders for Family Youth*, 836 N.Y.S.2d 490, 2007 WL 10386, at *4 (Sup. Ct. Jan. 2, 2007) (similar).

Since the Court finds that Prisco's discharge was not for cause, he is entitled to assert a charging lien in this matter.

## II. Amount of Charging Lien

Prisco requests that the Court set a charging lien in the amount of $52,022.74 for attorney's fees and costs. Br. at 5. Specifically, he requests $48,534.26 in attorney's fees based on the contingency fee agreement set forth in Plaintiff's retainer, and $3,488.48 for

disbursements advanced on Plaintiff's behalf for matters like mediation and MRIs. Dkt. 54-1 ("Prisco Aff.") ¶ 16.

Under New York law, "absent an express agreement between the attorney and client to the contrary, a discharged attorney may recover the fair and reasonable value of the services rendered, determined at the time of the discharge and computed on the basis of *quantum meruit*." *Stair v. Calhoun*, 722 F. Supp. 2d 258, 268 (E.D.N.Y. 2010). "Recovery on a quantum meruit basis is called for even where the attorney discharged without fault was employed under a contingent fee contract." *Universal Acupuncture Pain Servs., P.C. v. Quadrino & Schwartz, P.C.*, 370 F.3d 259, 263 (2d Cir. 2004) (quoting *Smith v. Boscov's Dep't Store*, 596 N.Y.S.2d 575, 576 (App. Div. 1993)). The Court is "not bound by the parties' retainer agreement," but "may still use such agreement as guidance in determining the reasonable value of the services provided." *Stair*, 722 F. Supp. 2d at 268-69. In considering the fairness of a charging lien, a court considers "the terms of the percentage agreement, the nature of the litigation, difficulty of the case, time spent, amount of money involved, results achieved and amounts customarily charged for similar services in the same locality." *Sutton v. N.Y.C. Transit Auth.*, 462 F.3d 157, 161 (2d Cir. 2006); *accord Pardovani v. Crown Bldg. Maint. Co.*, No. 15-cv-09065 (SHS), 2023 WL 5744283, at *2 (S.D.N.Y. Sept. 6, 2023).

Here, the retainer agreement provides that Prisco is entitled to thirty-three percent of the sum recovered by Plaintiff. Dkt. 54-2 at 1. Prisco is only requesting approximately $50,000 (rather than the approximately $80,000 that would constitute thirty-three percent of the recovery) because he had agreed with Plaintiff that Plaintiff would net at least $150,000 after medical liens and fees. Br. at 4; Prisco Aff. ¶ 15.

The Court considers the proposed amount to be fair and reasonable, especially given that Prisco has reduced his contingency fee to less than thirty-three percent. A thirty-three percent

contingency fee is typical of personal injury litigation and in other contexts. *See Pardovani*, 2023 WL 5744283, at *3 (collecting cases from FLSA, civil rights, and wrongful death cases recognizing that contingency fees up to one-third of a plaintiff's recovery are common and permissible); N.Y. Comp. Codes R. & Regs. tit. 22, § 603.25(e)(2) (contingent fees in personal injury actions should not exceed thirty-three percent of the sum recovered). Moreover, Prisco is a solo practitioner and litigated the case for almost two years on a contingency basis, from the filing of the complaint through the submission of the case to the jury. This involved conducting expert discovery, defending Plaintiff's deposition, and conducting a deposition of a Best Buy witness. Prisco Aff. ¶¶ 4-8. He also represented Plaintiff in mediation; prepared subpoenas to obtain Plaintiff's medical records; worked with Best Buy's counsel to prepare the joint pretrial report, proposed jury instructions, proposed voir dire questions; and negotiated the stipulation with Best Buy. *Id.* ¶¶ 9-13. Prisco then ably tried the case and secured a verdict in Plaintiff's favor. *Id.* ¶ 14. Finally, Plaintiff does not dispute the amount of fees incurred and requested, nor the disbursement calculations.

Thus, after a careful review of the record, as well as the disbursements submitted, the Court concludes that a charging lien in the amount of $52,022.74 is fair and reasonable compensation for Prisco.

## CONCLUSION

For the foregoing reasons, Prisco's motion is GRANTED. The Court will set a charging lien in the amount of $52,022.74. The Court's registry shall issue a check payable to the Law Office of Michael James Prisco PLLC in the amount of $52,022.74 upon receipt of this Memorandum Opinion and Order, and shall mail the check to the Law Office of Michael James Prisco, 187 Veterans Blvd., Massapequa, New York 11758.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 54 and mail a copy of this Memorandum Opinion and Order to Plaintiff at the address listed on the docket.

Dated: March 18, 2025
      New York, New York

                                         SO ORDERED

                                       *Jennifer Rochon*
                                       JENNIFER L. ROCHON
                                       United States District Judge